**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| LAVELLE EVANS,            )<br>     ID #1830990,              )<br>          Petitioner,             )<br>vs.                                      )<br>                                           )<br>WILLIAMS STEPHENS, Director, )<br>Texas Department of Criminal  )<br>Justice, Correctional Institutions Division, )<br>          Respondent.          ) | No. 3:13-CV-0021-B (BH)<br><br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this habeas case was referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Motion for Reconsideration*, received on September 12, 2014 (doc. 53). Based on the relevant findings and applicable law, the motion should be construed as a motion to alter or amend judgment and should be **DENIED**.

**I. BACKGROUND**

Lavelle Evans (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2008 conviction for murder. (Petition (Pet.) at 2). The respondent filed an answer on July 8, 2013, and Petitioner filed a reply on September 3, 2013. On June 4, 2014, it was recommended that the habeas petition be denied. (doc. 39). Petitioner filed initial objections and amended objections to the recommendation in July 2014. (*See* docs. 45, 49.) After considering Petitioner's objections, the Court adopted the findings, conclusion and recommendation and denied the petition with prejudice on August 29, 2014. (*See* docs. 51, 52.) Petitioner now moves for reconsideration of the denial of his petition.

## II. FED. R. CIV. P. 59(e)

As noted by the Fifth Circuit, the Federal Rules of Civil Procedure "do not recognize a 'motion for reconsideration' *in haec verba.*". *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), or as a motion seeking relief from judgment under Rule 60(b). *Id.* Here, because Petitioner seeks reconsideration of a judgment from a case resolved without a trial within 28 days after its entry, his motion is liberally construed as a motion to alter or amend judgment under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.,* 123 F.3d 336, 339 (5th Cir. 1997) (noting that where a case is resolved without a trial, a motion to alter or amend judgment is generally considered under Rule 59(e), "as the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, we shall treat United's motion as a Rule 59(e) motion to alter or amend judgment").

To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing

imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner challenges the dismissal of his claims that his counsel was ineffective for failing to (1) object to alleged prosecutorial misconduct in violating a motion in limine, (2) interview witnesses, and (3) conduct an adequate voir dire. Petitioner objected to the recommended dismissal of these claims in his amended objections. (doc. 49 at 3-4, 8-10.) The Court reviewed his objections and overruled them. Petitioner now merely restates those objections. Petitioner does not present any intervening change in law, new evidence, or manifest error of law or fact, or other extraordinary circumstances justifying alteration or amendment of the judgment of dismissal. His motion should be denied.

## III.  RECOMMENDATION

Petitioner's motion for reconsideration should be construed as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), and the Rule 59(e) motion to alter or amend judgment (doc. 53) should be **DENIED**.

**SIGNED on this 26th day of November, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                     IRMA CARRILLO RAMIREZ
                                                                     UNITED STATES MAGISTRATE JUDGE