**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| LAVELLE EVANS, ) | |
| (ID # 1830990), ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:13-CV-021-B (BH) |
| ) | |
| WILLIAM STEPHENS, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Motion for Relief from Final Judgment*, received on August 27, 2015. (doc. 63). Based on the relevant findings and applicable law, the post-judgment motion should be construed as a successive petition under § 2254, opened as a new case, and **TRANSFERRED** to the court of appeals.

**I. BACKGROUND**

Lavelle Evans (Petitioner) challenges his conviction for capital murder in Cause F06-89332. The respondent is William Stephens, Director of TDCJ-CID (Respondent).

**A. Procedural History**

On December 18, 2006, the State indicted Petitioner for the murder of Crystal Jenkins (Victim) on or about October 8, 2006, in the course of committing and attempting to commit the offense of obstruction and retaliation. The indictment alleged that Petitioner had previously been convicted of two prior felony offenses, i.e., possession of marijuana and burglary of a habitation. (Clerk's Record ("C.R."):2-3). He pled not guilty and was tried before a jury in the 363rd Judicial District Court of Dallas County on August 26-28, 2008. The jury found Petitioner guilty, and

because the State did not seek the death penalty, the trial court automatically sentenced him to life in prison. (C.R.:44; R. 6:34-35).

On direct appeal, Petitioner alleged that the evidence was legally and factually insufficient to support his conviction. *Evans*, slip op. at *6-10. His conviction was affirmed, and his petition for discretionary review (PDR) was refused on August 25, 2010. *See* PD-0413-10. He did not file a petition for writ of certiorari with the Supreme Court. Petitioner mailed his state habeas application on February 7, 2011, raising the same claims as in his federal petition. (State Habeas Transcript "S.H.Tr." at 7-12). On October 10, 2012, the Texas Court of Criminal Appeals denied the state writ without a written order on the findings of the trial court. *Id*. at cover.

Petitioner mailed his initial petition for federal habeas relief on December 29, 2012 (doc. 3), and mailed an amended petition on January 29, 2013, along with a brief in support. (Amen. Pet. at10). By order and judgment entered August 29, 2014, the Court denied the § 2254 petition with prejudice. (*See* docs. 51, 52.) Petitioner moved for reconsideration of the judgment, his motion was liberally construed as a motion to alter or amend judgment under Rule 59(e), and the Court denied the motion on January 6, 2015. (*See* docs. 53, 57, 62.) Petitioner also filed a notice of appeal, and that direct appeal remains pending before the Fifth Circuit Court of Appeals as cause number 14-11099. Petitioner now moves under Rule 60(b) for relief from the judgment denying his petition.

## II.  RULE 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party;

2

(4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. PROC. 60(b)(1)-(6).  A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered under subsections (1), (2), and (3).  *See* FED. R. CIV. P. 60(c)(1).

Petitioner seeks relief under Rule 60(b)(3) and 60(b)(6). (doc. 63, at 1.)  With regard to his claim for relief under Rule 60(b)(3), he asks for a new hearing to prove that the affidavit provided by his trial counsel during the state habeas corpus proceedings contained inaccuracies and misrepresentations.  (doc. 63 at 3-4, 7.)  Any inaccuracies in the affidavit prepared by his trial counsel during the state proceedings does not amount to a fraud or misconduct of a party to this suit sufficient to justify post-judgment relief.

Petitioner also seeks relief under the "catch-all" clause of Rule 60(b)(6).  *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002).  This clause is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. Global SantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)).  Motions under this clause "will be granted only if extraordinary circumstances are present."  *Hess*, 281 F.3d at 216. In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating such a motion: 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its

3

merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Petitioner had a fair opportunity to present all of his claims challenging his conviction, including the new challenges he now raises. He has shown no extraordinary circumstances that demonstrate a reason to disturb the final judgment in this case. Moreover, in *Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005), the Supreme Court held that a motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See also Ruiz v. Quartermann*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that merely challenges the failure to reach the merits of the habeas petition is properly filed under Rule 60(b), however. *See Gonzalez*, 545 U.S. at 538 (holding that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction" and noting that "[a] motion that ... challenges only the District Court's failure to reach the merits does not warrant such treatment"); *see also Chase v. Epps*, 74 F. App'x 339, 345 (5th Cir. 2003) (per curiam) ("A Rule 60(b) motion that purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive . . . application") (citations omitted).

By his motion, Petitioner seeks a hearing to consider new challenges to the conduct of his attorney based on the information in his unsworn August 21, 2015 "affidavit," and the recently signed affidavits of his mother and of April McGraw. (doc. 63, at 9-13.) He essentially claims that

4

contrary to counsel's affidavit, he failed to call defense witnesses to trial, failed to interview witnesses, and committed perjury in his affidavit before the state court. (doc. 63, at 4.) Because Petitioner's motion does not challenge the failure to reach the merits of his original habeas petition, and asserts new grounds for relief from the underlying state court conviction he originally challenged in this case, it is properly construed as a successive petition for relief under 28 U.S.C. § 2254.

### III.  SUCCESSIVE § 2254 PETITION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple

5

§ 2254 petitions attacking a single judgment").[1]

Under *Hardemon* and *Crone*, Petitioner was required to present all available claims in his original petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging his conviction.

Petitioner's motion is a successive petition within the meaning of 28 U.S.C. § 2244(b) because it raises claims that could have been raised in his initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before Petitioner files his appli-

---

[1]Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

cation in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not issued an order authorizing the district court to consider a successive petition for habeas relief, this Court lacks jurisdiction.

## IV. RECOMMENDATION

Petitioner's motion for relief from judgment under Rule 60(b) should be **CONSTRUED** as a successive petition under 28 U.S.C. § 2254 and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The Clerk of the Court should be **DIRECTED** to (1) terminate the post-judgment motion in this habeas case; (2) open a new habeas case for administrative purposes only; (3) file the post-judgment motion as a § 2254 petition filed August 27, 2015 in that new case; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file a copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the order accepting those Findings, Conclusions, and Recommendation , and the judgment in that new case; and (6) and without further judicial action, immediately **TRANSFER** the newly opened § 2254 action to the United States Court of Appeals for the Fifth Circuit.

**SO RECOMMENDED on this 31st day of August, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE